# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4665 | **DATE** | 9/18/2003 |
| **CASE TITLE** | WILLARD vs. INGERSOLL-RAND CO. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
　　☐ FRCP4(m)　☐ Local Rule 41.1　☐ FRCP41(a)(1)　☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to dismiss the complaint [6-1] is granted. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 19 2003 | |
| | Notified counsel by telephone. | | date docketed | 12 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 9/18/2003 | |
| CB | courtroom deputy's initials | | date mailed notice PW | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROY WILLARD and JENNIFER WILLARD, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 03 C 4665 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| INGERSOLL-RAND COMPANY, | ) | **DOCKETED** |
| a corporation, | ) | SEP 1 9 2003 |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Roy and Jennifer Willard sue Ingersoll-Rand Co. (Ingersoll-Rand) in strict liability and in

negligence for damages connected with an injury Roy Willard suffered while using an air compressor

manufactured by Ingersoll-Rand. Specifically, Roy Willard alleges that his damages were a result

of the air compressor being defective and unreasonably dangerous (Counts I and IV). Jennifer

Willard claims she is entitled to damages authorized by the Illinois Family Expense Act (Counts II

and V) and for loss of consortium (Counts III and VI).

This action was originally filed in the Circuit Court of Cook County, Illinois, *Roy Willard*

*and Jennifer Willard v. Ingersoll-Rand Co.*, Case No. 03 L 006771. Ingersoll-Rand removed this

case to the Northern District of Illinois pursuant to 28 U.S.C. § 1441(a). The removal was proper

because this court would have original jurisdiction over the action pursuant to 28 U.S.C. 1332(a).[1]

Ingersoll-Rand subsequently filed this motion to dismiss, arguing: (1) lack of personal jurisdiction

---

[1]The Willards are citizens of Zimbabwe and Ingersoll-Rand is a New Jersey corporation,
principally doing business in New Jersey. Given the nature of the Willard's injuries, it appears
that the amount in controversy exceeds the statutory minimum of $75,000.

pursuant to Fed. R. Civ. P. 12(b)(2); (2) the action is barred by the statute of limitations, and (3) the action should be dismissed under the doctrine of *forum non conveniens*.

## BACKGROUND

The Willards and Ingersoll-Rand submitted evidence to support their positions on personal jurisdiction. In deciding a motion to dismiss for lack of personal jurisdiction, the Willards bear the burden of demonstrating the existence of personal jurisdiction. *RAR, Inc. v. Turner Diesel* 107 F.3d 1272, 1276 (7th Cir. 1997). Once personal jurisdiction has been challenged under Rule 12(b)(2), the Willards must make out a *prima facie* case for personal jurisdiction. *Tobin for Governor v. Illinois State Bd. of Elections*, 268 F.3d 517, 521 (7th Cir. 2001); *see also Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712-13 (7th Cir. 2002). To that end, the court accepts all well-pleaded jurisdictional allegations in the complaint as true unless controverted by affidavit. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987); *see also Hyatt Int'l Corp.*, 302 F.3d at 712-13. Any conflict presented by affidavit must be resolved in the Willards' favor. *Hyatt Int'l Corp.*, 302 F.3d at 712-13. Unrefuted facts offered by Ingersoll-Rand, however, will be accepted as true. *Facilitec Corp. v. Grease Stopper, Inc.*, No. 01 C 2971, 2002 WL 226758, at *2 (N.D. Ill. Feb. 13, 2002).

In 1981, Ingersoll-Rand manufactured an air compressor in Davidson, North Carolina. The air compressor was then sold and shipped to Ingersoll-Rand Overseas Co. in Trappes, France. Eventually, the air compressor came into the control of Roy Willard's employer, Aqua Air Pvt. Ltd. of Zimbabwe. On June 19, 2000, while he was checking for oil leaks, Willard's left hand was sucked into the air compressor's cooling fan. His left hand was partially amputated.

Roy Willard applied for and received workman's compensation. He also entered into negotiations with Ingersoll-Rand to pursue further compensation. He then sought counsel in the

United States. He filed this action in the Circuit Court of Cook County on June 5, 2003, almost three years after the accident.

**DISCUSSION**

**I.     Personal Jurisdiction**

Ingersoll-Rand first argues that the Willards' suit should be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). A federal district court sitting in diversity has personal jurisdiction "only if a court of the state in which it sits would have such jurisdiction." *Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995); Fed. R. Civ. P. 4(e). To establish personal jurisdiction, the Willards must establish Ingersoll-Rand satisfies one of the provisions of the Illinois long-arm statute, 735 ILCS 5/2-209, and that Ingersoll-Rand purposefully established minimum contacts with Illinois that satisfy both state and federal due process. *See RAR, Inc.*, 107 F.3d at 1276.

The Illinois long-arm statute contains both a list of particular, enumerated grounds for jurisdiction and a catch-all provision that authorizes the exercise of personal jurisdiction on any basis "now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c); *see Hyatt Int'l Corp.*, 302 F.3d at 714. In application, the reach of Illinois' long arm statute terminates at the boundaries created by state and federal due process requirements. *See id.; see also Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000). Therefore the inquiry "collapses into two constitutional inquiries--one state and one federal." *RAR*, 107 F.3d at 1276.

The Illinois Supreme Court has held that the due process requirements imposed by the Illinois Constitution and United States Constitution are not necessarily equivalent. *Rollins v. Ellwood*, 141 Ill.2d 244, 271, 565 N.E.2d 1302, 1314 (1990). The Seventh Circuit acknowledged the possibility

3

that state and federal standards might diverge in some cases, but has suggested that in practice there is "no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction." *Hyatt Int'l Corp.*, 302 F.3d at 715-16. Nothing about this case suggests that the due process limits applied here would be different under Illinois and federal constitutions.

The Willards allege that personal jurisdiction is proper in Illinois under two theories: the nationwide stream of commerce theory as explained in *Asahi Metal Industry Co., LTD., v. Superior Court of California, Solano County*, 480 U.S. 102, 107 S.Ct. 1026 (1987); and general jurisdiction because Ingersoll-Rand has continuous and systematic general business contacts with Illinois. *See generally Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 1873 (1984).

The Willards do not allege that this suit arises out of Ingersoll-Rand's conduct in Illinois. It is clear, in fact, that this action's only alleged connection with the forum is the presence of Ingersoll-Rand. Moreover, Ingersoll-Rand, is a New Jersey corporation, principally doing business in New Jersey. The question of personal jurisdiction, turns on whether Ingersoll-Rand is subject to general jurisdiction. *See RAR*, 107 F.3d at 1277.

General jurisdiction refers to suits neither arising out of nor related to the defendant's contacts, and it is permitted only where a defendant has continuous and systematic general business contacts with the forum. *Helicopteros*, 466 U.S. 408, 416, 104 S.Ct. 1868, 1873 (1984). The threshold requirement for general jurisdiction is higher than that required for specific jurisdiction. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003). The contacts must be so extensive that Ingersoll-Rand's constructive presence in Illinois would make it

4

"fair to require it to answer in *any* [Illinois] court in *any* litigation arising out of any transaction or occurrence taking place *anywhere* in the world." *Id.*

In assessing whether contacts with a forum were continuous and systematic general business contacts, courts consider factors such as: (1) the extent to which the defendant conducts business in Illinois; (2) whether the defendant maintains an office or employees in Illinois; (3) whether the defendant sends agents into Illinois to conduct business; (4) whether the defendant advertises or solicits business in Illinois; and (5) whether the defendant has designated an agent for service of process in Illinois. *See Repository Technologies v. Systems Consultants,* No. 02 C 8640, 2003 WL 21148340 at *6 (N.D.Ill. May 16, 2003) *(citing Helicopteros,* 466 U.S. at 416, 104 S.Ct. At 1873 (1984)). In determining whether Ingersoll-Rand's contacts with Illinois are continuous and systematic general business contacts that would submit the company to general jurisdiction, the court will only consider those contacts which continued up to the time of the suit. *See Repository Technologies,* 2003 WL 21148340 at *6 *(citing Asset Allocation & Management Co. v. W. Employers Ins. Co.,* 892 F.2d 566, 570 (7th Cir. 1989)).

The Willards base their contention that Ingersoll-Rand has established continuous and systematic general business contacts on the following facts: Ingersoll-Rand operates its Central Regional Sales Office for air compressors in Elmhurst, Illinois; it operates one service center in Illinois (although neither party states where this service center is located); it lists ten authorized distributors of its air compressor motors in Illinois; and, it has eight authorized service centers located throughout Illinois.

Ingersoll-Rand concedes that it does business in Illinois. The Willards argue that Ingersoll-Rand's Illinois business is substantial. Its Central Regional Sales Office for air compressors -- one

5

of five nationwide -- is located in Elmhurst. From this, it is reasonable to infer significant sales and

business activity, including solicitation of business in Illinois. Ingersoll-Rand operates one repair

center here in Illinois as well. These facts establish that Ingersoll-Rand maintains an office and

employees in Illinois.

The Willards further contend Ingersoll-Rand maintains an extensive network of service

providers and distributors in Illinois.[2] While Willard does not allege that the activities of these

distributors and service providers can be attributed to Ingersoll-Rand, it's relationships with these

distributors and providers are ongoing business activities in Illinois.

It is true that Ingersoll-Rand does not manufacture air compressors in Illinois, nor do they

design them here. The air compressor in question was neither sold nor manufactured in Illinois.

Nevertheless, consideration of the factors listed in *Helicopteros* support the exercise of general

jurisdiction over Ingersoll-Rand. The presence of a regional sales office, many permanent

employees, and other factors suggest that Ingersoll-Rand has established continuous and systematic

general business contacts with Illinois. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S.

286, 297, 100 S.Ct. 559 (1980); *see also Adams v. Harrah's Maryland Heights Corp.*, 789 N.E.2d

436, 440-41, 338 Ill.App.3d 745, 748-50 (Ill. App. 5th Dist. 2003) (finding general jurisdiction over

Missouri business that had large customer base, extensive advertisements and systematic travel in

Illinois).

---

[2]The Willards point to ten authorized distributors and eight authorized service centers in
Illinois. Ingersoll-Rand does not dispute its agency relationship with various service providers.
The court notes that the acts of distributors or service providers are not necessarily attributable to
the parent in the absence of an agency relationship. *See, e.g., Kuenzle v. HTM Sport-Und
Freizeitgerate AG*, 102 F.3d 453, 458-59 (10th Cir. 1996).

The second stage of the constitutional due process inquiry is fairness: whether the exercise of personal jurisdiction over Ingersoll-Rand under these circumstances would offend "traditional notions of fair play and substantial justice." *Asahi*, 480 U.S. at 113-14, 107 S.Ct. 1026; *Central States*, 230 F.3d at 944. The reasonableness of the exercise of jurisdiction over Ingersoll-Rand depends on multiple factors. "A court must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief. It must also weigh . . . 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive policies." *Id.* (*citing World-Wide Volkswagen*, 444 U.S. at 292, 100 S.Ct. At 564) (O'Connor, J.).

Ingersoll-Rand contends that exercising jurisdiction in this case would offend traditional notions of fair play and substantial justice, but it does not argue that defending this suit, as a practical matter, would be burdensome. In marketing its products in Illinois and maintaining a regional sales office in the forum, Ingersoll-Rand conducts a significant amount of business in Illinois. It is familiar with the laws of Illinois, and burdensome travel is not involved. *See Asahi*, 480 U.S. at 113-14, 107 S.Ct. at 1033 (substantial inconvenience is caused by significant travel and being forced to defend oneself in a foreign legal system) (O'Connor, J.). Moreover, Illinois has a legitimate interest in regulating manufacturers and retailers doing business in the state. *See id.* Ingersoll-Rand transacts a significant amount of business in Illinois, including selling and distributing air compressors.

On the other hand, it is not clear that Illinois products liability law governs a tort claim between a New Jersey corporation that manufactured an allegedly defective air compressor in North Carolina and a Zimbabwe citizen who was injured in Zimbabwe. *See id.* North Carolina may also have a regulatory interest in this litigation. *Cf. Asahi*, 480 U.S. at 114-15, 107 S.Ct. at 1033.

7

Considering the factors outlined in *Asahi*, the exercise of personal jurisdiction over Ingersoll-Rand is proper. It conducts significant business in Illinois such that it has "clear notice that it is subject to suit there, and can act to alleviate the risk of burdensome litigation." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239 (1958). Accordingly, the court need not consider the Willards' stream of commerce argument.

## II. Statute of Limitations

Ingersoll-Rand contends that the Willards' claims are barred by Illinois' statute of limitations. This suit was filed more than two years after the injury occurred. However, the Willards argue that the statute did not begin to run until May 21, 2003 because that is when he discovered his injury was wrongfully caused.

A federal district court, sitting in diversity, is obliged to apply the limitations period of the state in which it sits. *Allstate Ins. Co. v. K-Mart Corp.*, No. 99 C 8515 2001 WL 300586 at * 1-2 (N.D.Ill. March 23, 2001) *(citing Reinke v. Boden*, 45 F.3d 166, 170 (7th Cir. 1995) . In Illinois, the statute of limitations for a product liability action must be filed within two years after a party's cause of action has accrued. 735 ILCS 5/13-202. This statute of limitations, however, is supplemented by the Illinois Borrowing Act.[3] 735 ILCS 5/13-210.

The Illinois Borrowing Act provides that when a cause of action arises in a foreign jurisdiction with a statute of limitations shorter than Illinois', the court shall apply the foreign statute of limitations. *Malone v. Bankhead Enterprises, Inc.*, 125 F.3d 535 (7th Cir. 1997); *Allstate Ins. Co.*,

---

[3]The parties argue that the Illinois Statute of Limitations is procedural, and therefore this court should simply apply the two year period. As explained above, this is correct only in part. This situation also requires application of the Illinois Borrowing Act. *See Allstate Ins. Co.*, 2001 WL 300586 at *1-2.

8

2001 WL 300586 at * 1-2. The Illinois Borrowing Act only applies when both parties are non-residents of Illinois. *Newell Co. v. Peterson*, 758 N.E.2d 903, 908, 325 Ill. App. 3d 661, 669 (Ill. App. Ct. 2001); *LeBlanc v. G.D. Searle & Co.*, 533 N.E.2d 41, 42, 172 Ill. App. 3d 236, 240-41 (Ill. App. Ct. 1998) (For purposes of the Illinois Borrowing Act, a corporation is only a resident of the state where it was incorporated). The Willards are residents of Zimbabwe and Ingersoll-Rand is a resident of New Jersey. The Illinois Borrowing Act applies. *LeBlanc*, 533 N.E.2d at 42, 172 Ill. App. 3d at 240-41.

In determining where the action arose, Illinois uses the significant interest test. *Allstate Ins. Co.*, 2001 WL 300586 at * 1-2. This test considers where the injury occurred, where the conduct creating the injury occurred, where the parties are domiciled or have their places of business, and where the parties' relationship is centered. *Id.* at *2. A decision regarding choice of law is not required. The Illinois Borrowing Act requires application of a foreign statute of limitations only in the event that the foreign statute of limitations is shorter than Illinois'. 735 ILCS 5/13-210; *LeBlanc*, 533 N.E.2d at 42, 172 Ill. App. 3d at 240-41. The two-year Illinois statute of limitations has already expired for the Willards' claims. The possibility that a shorter limitations period applies is therefore irrelevant.

The Willards argue the limitations period did not begin to run when his injury occurred, but rather when they discovered their injuries were wrongfully caused.[4] *See Golla v. General Motors Corp.*, 167 Ill.2d 353, 361, 657 N.E.2d 894, 898 (Ill. 1995) (discussing the discovery rule and the Illinois statute of limitations). The Willards assert they did not discover their injuries were

---

[4]Willard does not make an "equitable tolling" argument, nor does he argue that the statute of limitations should be disregarded on the basis of equitable estoppel. Thus, the argument is waived. *See Trezenga v. Great American Comm. Co.*, 12 F.3d 717, 721.

wrongfully caused until they retained Illinois counsel on May 21, 2003. In support of his position Willard cites to *Hoffman v. Orthopedic Systems, Inc.,* 327 Ill.App.3d 1004, 765 N.E.2d 116, 120-21 (Ill.App. 1 Dist., 2002), a ruling that does not support his contention. The *Hoffman* court held that the statute of limitations may be tolled in situations involving a latent injury caused by medical malpractice. *See id.* The Illinois Supreme Court has held in the case of traumatic injury, discovery occurs immediately and that the two year time period begins to run at the time the injury occurred. *See Golla,* 167 Ill.2d at 361, 657 N.E.2d at 898. The *Golla* court explained that "the nature and circumstances surrounding [a] traumatic event are such that the injured party is thereby put on notice that actionable conduct might be involved." *Id.* at 363, 657 N.E.2d at 894.

Roy Willard suffered a traumatic injury when his hand was injured on June 19, 2000. *See id.* He concedes he was immediately aware of the injury and even took steps to negotiate with Ingersoll-Rand in Zimbabwe. Under the Illinois statute of limitations, Roy Willard discovered his injury was wrongfully caused at the time of the accident: June 19, 2000. Counts I and IV are barred by the statute of limitations.

The derivative claims for loss of consortium and medical expenses under the Family Expense Act (counts II, III, V, and VI) are also barred by the statute of limitations. *See* 735 ILCS 5/13-203. Section 5/13-203 provides that derivative claims are governed by the same two year period as his negligence and strict liability claims. 735 ILCS 5/13-203; *see Dewey v. Zack,* 651 N.E.2d 643, 648, 272 Ill. App. 3d 742, 746 (Ill. App. 2d Dist. 1995) (considering claims under the Family Expense Act); *Miles v. S.C. Johnson & Son, Inc.,* No. 00 C 3278, 2001 WL 629299 (N.D.Ill. May 29, 2001).

## CONCLUSION

The Willards have the burden of demonstrating that Ingersoll-Rand is subject to personal jurisdiction in the Northern District of Illinois. To that end, Willard has shown that Ingersoll-Rand's continuous and systematic general business contacts subject it to the jurisdiction of this court. Accordingly, Ingersoll-Rand's motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) is denied.

The Willards had two years from the time of injury to file personal injury claims in Illinois. Failing to do so, his claims are therefore barred by Illinois' statute of limitations. The court does not reach Ingersoll-Rand's *forum non conveniens* argument.

September 18, 2003                              ENTER:

Suzanne B. Conlon
United States District Judge

11